RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for Glen and Alison Kunofsky*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ABR BUILDERS LLC, | : | Case No.:  19-11041 (SHL) |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF GLEN AND ALISON KUNOFSKY
TO SECOND AMENDED DISCLOSURE STATEMENT**

Glen and Alison Kunofsky (the "Kunofskys") file this response (the "Response") to the *Debtor's Second Amended Disclosure Statement dated January 16, 2019* [sic] (the "Second Amended Disclosure Statement") [ECF No. 86], filed by ABR Builders LLC (the "Debtor") relating to the *Debtor's Second Amended Plan dated January 16, 2020* (the "Second Amended Plan") [ECF No. 85]. In support of this Response, the Kunofskys respectfully represent as follows:

1. On November 11, 2019, the Kunofskys filed their objection (the "Objection") [ECF No. 55] to approval of the *Disclosure Statement dated October 3, 2019* (as amended on November 19, 2019, the "Disclosure Statement") filed by the Debtor relating to the *Debtor's Plan of Reorganization dated October 2, 2019* (as amended on October 8, 2019 and November 19, 2019, the "Plan"). The Kunofskys incorporate herein by reference all of the arguments set forth in their

Objection. Capitalized terms not defined in this Response shall have the meaning ascribed to them in the Objection.

2. On November 21, 2019, the Court held a hearing to consider approval of the original Disclosure Statement. At the conclusion of that hearing, the Court adjourned the hearing to February 6, 2020. On January 16, 2020, nearly two months after the hearing on the Disclosure Statement, the Debtor filed its Second Amend Plan and Second Amended Disclosure Statement.

3. The modifications contained in the Second Amended Disclosure Statement do not remedy the fundamental defects identified in the Objection. The Second Amended Disclosure Statement continues to describe an unconfirmable plan for the same reasons set forth in the Objection.

4. As in the prior Plan, the Second Amended Plan provides that the Debtor's principals (including the Guarantor) shall retain their interests in the Debtor and receive a third-party release under the Plan in consideration of a combined $200,000 contribution payable over four years (commencing after the first year of the effective date of the plan), all while general unsecured creditors receive pennies on the dollar for their claims.

5. Thus, the Second Amended Plan continues to contain an impermissible third-party release, and the Second Amended Disclosure Statement does not provide any basis to support the proposition that the circumstances here are "rare," "unique," or "unusual," to justify the third-party release.

6. Furthermore, the Second Amended Plan continues to violate the absolute priority rule. The Second Amended Disclosure Statement does not contain any information or disclosures that justify a new value exception to the absolute priority rule. Notably, the Debtor completely fails to address the caselaw cited in the Objection that new value must a ***present*** contribution, and

a promise to make future payments cannot qualify as new value. *See In re Woodmere Investors Ltd. P'ship*, 178 B.R. 346, 363 (Bankr. S.D.N.Y. 1995) ("[I]t is settled law that a promise to pay future income is not 'new value.'"); *In re 8315 Fourth Ave. Corp.*, 172 B.R. 725, (Bankr. E.D.N.Y. 1994) ("Courts have routinely held that even a promissory note issued by an 'equity holder' is not money or money's worth because it is not a present contribution.") (collecting cases); *see also In re G-I Holdings Inc.*, 420 B.R. 216, 269 (D.N.J. 2009) ("To invoke the new value exception to the absolute priority rule, the qualifying new value contribution must be … proffered by the debtor at the outset, *i.e.*, 'up front.'").

7. Instead, the Debtor relies principally on the argument that, because other parties are free to propose a competing chapter 11 plan, it has opened the bidding on the Debtor's equity interests. But this Court, at the request of the Debtor, entered an order extending the Debtor's exclusivity period to confirm a plan through February 2, 2020.

8. The Kunofskys anticipate raising their objections to the confirmation of the Second Amended Plan at any plan confirmation hearing that may be scheduled by the Court, should the Court approve the Second Amended Disclosure Statement.

Dated: New York, New York
       January 24, 2020

RUBIN LLC

By:   */s/ Paul A. Rubin*
     Paul A. Rubin
     Hanh V. Huynh

345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com